United States District Court
Southern District of Texas
**ENTERED**
March 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO GOMEZ CUELLAR | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-0463 |
| | § | |
| KRISTI NOEM, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Alberto Gomez Cuellar ("Petitioner") brought this action against Kristi Noem, Todd Lyons, Marcos Charles, Pamela Bondi, and the Warden of Joe Corley Processing Center (collectively referred to as "Respondents"), seeking a writ of habeas corpus.[1] Pending before the court is Petitioner's Petition for Habeas Corpus (Docket Entry No. 1) and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ") (Docket Entry No. 11). For the reasons explained below, Respondents' MSJ will be granted and Petitioner's Petition for Habeas Corpus will be denied.

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief ("Petition for Habeas Corpus"), Docket Entry No. 1, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

## I. **Background**

Petitioner is a non-citizen who entered the United States without inspection.[2]  Petitioner was recently taken into immigration custody by Immigration and Customs Enforcement ("ICE") under § 1225(b)(2).[3]

On January 20, 2026, Petitioner filed a Petition for Habeas Corpus.[4]  Petitioner argues that his detention without a bond hearing violates (1) the Immigration and Nationality Act ("INA"), (2) bond regulations, and (3) due process.[5]

On February 23, 2026, the Respondents filed a motion for summary judgment opposing Petitioner's claims.[6]

## II. **Analysis**

Respondents argue that Petitioner's Petition for Habeas Corpus must be denied because his detention is legal under § 1225(b)(2).[7] Neither party disputes that the court has jurisdiction over Petitioner's Petition for Habeas Corpus.

---

[2] Id. at 15 ¶ 36.

[3] Id. at ¶ 37.

[4] Id. at 1.

[5] Id. at 15-17.

[6] Respondents' MSJ, Docket Entry No. 11.

[7] Id. at 1-2.

**A.    Petitioner can be legally detained under § 1225(b)(2).**

As the Fifth Circuit explained in <u>Buenrostro-Mendez v. Bondi,</u> 166 F.4th 494 (5th Cir. 2026), § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest. <u>Id.</u> at 498, 508.  The Fifth Circuit's analysis and holding applies in this case.

Petitioner's bond regulation claim fails because it depends on the rejected statutory interpretation of § 1225 and § 1226.[8]

**B.    Petitioner's detention does not violate due process.**

Citing <u>Zadvydas v. Davis,</u> 121 S. Ct. 2491 (2001), Petitioner argues that his detention without a bond hearing to determine whether he is a flight risk or danger to the community violates due process.[9]  As explained in <u>Garcia De La Cruz v. Bondi,</u> Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  <u>Id.</u> at *2 (quoting <u>Demore v. Kim,</u> 123 S. Ct. 1708, 1721-22 (2003)).

### III. Conclusion and Order

For the reasons explained above, Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED** and Petitioner's Petition for Writ

---

[8]Petition for Habeas Corpus, Docket Entry No. 1, pp. 16-17 ¶¶ 43-46.

[9]<u>Id.</u> at 17 ¶¶ 47-50.

of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Docket Entry No. 1) is **DENIED**. The court will enter a final judgment in favor of Respondents.

    **SIGNED** at Houston, Texas, on this 20th day of March, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-4-